**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Alonzo J. Graham,

Plaintiff,

v.

Paul Schnell, *Commissioner of Corrections*; Amy Longworthy; Hai Malon; Kenneth Peterson; Erik Rasmussen; Ashlee Berts; Jessie Pugh; Adam Booth; Nate Bartz; Stephen Craane; Thanh Weeks; Lisa Stenseth; Justin Jensen; Stephanie Huppert; Buchanan; Heather Sletten; J. Barnes; Olsen; Jacquelyn Chard; Watrin; Katherine Sitzman; Binger; Victor Wanchena; Racheal Orvis; Brandon Mariakis; Brandon Tatum; Bernadette Kingsbury; Becky Gross; Thielein; Linzy Meyer; Daryl Goebel; Jonathan Peterson; Joshua Fike; Sgt. Kunze; Lt. Bradly Steele; R. Erdman; and Sgt J. Hayes, *in their official and individual capacities*,

Defendants.

Civ. No. 25-4798 (JWB/DJF)

**ORDER**
**ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Alonzo J. Graham, pro se Plaintiff.

---

United States Magistrate Judge Dulce J. Foster issued a Report and Recommendation ("R&R") on July 17, 2026. (Doc. No. 39.) Plaintiff Alonzo J. Graham has filed an objection to the recommendation that his Amended Complaint be dismissed without prejudice. (Doc. No. 40-1.)

Objected-to portions of an R&R are reviewed de novo, and the recommendations

may be accepted, rejected, or modified, in whole or in part. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Objections that are not specific but merely repeat the arguments presented to the Magistrate Judge are not reviewed de novo; they are reviewed for clear error. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1018 (D. Minn. 2015). The portions of an R&R to which no specific objection is made are also reviewed for clear error. *Id.* A clear error is an obvious mistake in applying the law or interpreting the facts. *Warren v. Forney*, Civ. No. 23-70 (JWB/LIB), 2024 WL 5135669, at *1 (D. Minn. Dec. 17, 2024). Because Graham is pro se, his objections are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Graham's objections to the July 17, 2026 R&R have been reviewed de novo. For the reasons that follow, the objections identify no error of law or fact that warrants rejecting the R&R.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to give "the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In prisoner civil-rights cases involving multiple defendants, the Eighth Circuit has affirmed sua sponte dismissal under Rule 8 where a lengthy and confusing complaint failed to provide a short and plain statement of the plaintiff's claims. *See Olson v. Little*, 978 F.2d 1264, 1264 (8th Cir. 1992). A prior warning and an opportunity to amend are also relevant in determining whether dismissal is warranted. *See Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988).

Graham's objections largely repeat his disagreement with the R&R and offer conclusory assertions in response. He argues, for example, that "Plaintiff is not in violation of Rule 8(a)(2)," that the amended complaint "has short and plain statements of each targeting incident," and that "[e]very single event is connected via retaliation for filing grievances." (Doc. No. 40-1 at 2–3.) He also states that he "will designate liability in next [phase] of action," that discovery "will prove the connection," and that naming all defendants "jointly and severally" removes any need for the Court to determine which claims apply to which defendants. (*Id.* at 3, 4.)

Those assertions do not cure the pleading deficiencies identified in the R&R. Even construing the Amended Complaint liberally to assert retaliation and equal-protection claims, it does not satisfy Rule 8(a)(2) because it fails to give fair notice of which claims are asserted against which defendants and the factual basis for each claim. Alleging that 37 defendants are jointly and severally liable does not dispense with the requirement that a plaintiff in a civil rights action plead each defendant's personal involvement. *See Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014).

Graham's theory of a continuing retaliatory campaign is not necessarily foreclosed as a matter of law. The problem is that the Amended Complaint does not allege facts tying the various actors and incidents together into such a campaign. Instead, it largely states the conclusion that the events are connected and asserts that discovery will establish the connection.

Graham had already been warned that he could not leave it to the defendants or the judiciary to determine which claims apply to which defendants. (Doc. No. 31 at 2; Doc.

No. 39 at 4.) This is not their task. *See Gurman v. Metro Hous. & Redev. Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011). His statement that he will address liability in the "next phase" reinforces, rather than cures, the Rule 8 problem. Discovery is not the point at which a plaintiff first identifies which defendant is alleged to be responsible for which constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (explaining that when a complaint is deficient under Rule 8, a party is not entitled to discovery).

Graham also relies on Federal Rule of Civil Procedure 21, which provides that misjoinder of parties is not, by itself, grounds for dismissing an action. (Doc. No. 40-1 at 3.) But the recommended dismissal does not rest solely on misjoinder. It rests on Rule 8(a)(2). The Rule 20 concerns instead illustrate the same underlying Rule 8 problem. Given the number of defendants and incidents alleged, the Amended Complaint still does not plead the factual connections necessary to present those events as a single coherent case.

The remaining portions of the R&R have been reviewed for clear error. None affects the recommended disposition. Accordingly, the recommendation that this action be dismissed without prejudice is accepted to the extent consistent with this Order.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Alonzo J. Graham's Objections to the July 17, 2026 R&R (Doc. No. 40-1) are **OVERRULED**.

2. The July 17, 2026 R&R (Doc. No. 39) is **ACCEPTED** to the extent consistent with this Order.

3. This matter is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure.

4. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 12) is **DENIED**.

5. Plaintiff's Motion for Hearing (Doc. No. 19) is **DENIED**.

6. Plaintiff's Motion for Appointment of Counsel (Doc. No. 22) is **DENIED**.

7. Plaintiff's Motion for Declaratory Relief and Emergency Relief (Doc. No. 23) is **DENIED**.

8. Plaintiff's Motion for Free Copies (Doc. No. 37) is **DENIED**.

9. Plaintiff must pay the unpaid balance ($320.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court must provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: September 22, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge